J-S58029-16

2016 PA Super 264

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JONATHAN NELSON SMITH | |
| Appellee | No. 211 MDA 2016 |

Appeal from the Judgment of Sentence January 4, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001126-2015

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

OPINION BY BOWES, J.:                              **FILED NOVEMBER 29, 2016**

The Commonwealth appeals from the January 4, 2016 judgment of sentence and challenges the trial court's refusal to impose the deadly weapons enhancement.   We affirm.

The underlying facts of this dispute are as follows.  During the evening of September 17, 2014, Jonathan Nelson Smith, Appellee, frequented a number of bars in the Hanover area following a dispute with his girlfriend. After consuming five to seven alcoholic beverages, Appellee approached another patron in order to buy some crack cocaine. This individual, along with two other men, agreed to provide Appellee with the illicit drug, but required a ride to York to obtain it.   Appellee agreed to transport the individuals.

---

* Retired Senior Judge assigned to the Superior Court.

While en route to York, Appellee became distracted by one of the passengers and struck a pedestrian, Scott Maitland, with his vehicle. At the time of the accident, Mr. Maitland was crossing the street in a well-lit crosswalk equipped with flashing lights. Mr. Maitland suffered fractures to his skull, nasal bones, ribs, tibia, and fibula, requiring extensive medical treatment, and resulting in permanent injuries. Following impact, Appellee continued along his course, and ultimately, abandoned his vehicle in a parking lot.

That same morning, in an attempt to evade prosecution, Appellee reported his car stolen to the State Police. The State Police transferred the matter to Hanover Borough Police, who contacted Appellee at his residence. After a short discussion in front of his home, Appellee agreed to accompany the officer to the police station. An interview ensued wherein Appellee, at first, continued to insist that the car had been stolen, but then retracted this representation and admitted to his involvement in the hit-and-run accident, including his excessive drinking throughout the evening. Appellee's voluntary confession was documented in his own hand-written statement.

The Commonwealth thereafter charged Appellee with, *inter alia*, aggravated assault and driving under the influence of alcohol ("DUI"). On October 30, 2015, Appellee entered an open guilty plea to those charges, and the court *nolle prossed* the remaining counts. Prior to sentencing, the Commonwealth recommended that the court impose the deadly weapons

enhancement ("DWE") to Appellee's sentence pursuant to this Court's holding in **Commonwealth v. Buterbaugh**, 91 A.3d 1247 (Pa.Super. 2014) (*en banc*) ("**Buterbaugh**"), wherein we determined that the DWE could apply to injuries caused by a motor vehicle. The court declined to employ the DWE, and instead imposed a sentence of six-and-a-half to fifteen years incarceration, plus costs and restitution for aggravated assault, and a concurrent thirty days to six months incarceration for the DUI.

The Commonwealth filed a post-sentence motion challenging the discretionary aspects of the sentence, and argued that **Buterbaugh** obligated the court to apply the DWE to Appellee's sentence. The court denied this motion, and the Commonwealth filed a timely notice of appeal. The court directed the Commonwealth to file a Pa.R.A.P. Rule 1925(b) statement of matters complained of on appeal, with which the Commonwealth complied, and then authored its Rule 1925(a) opinion. This matter is now ready for our review. The Commonwealth raises one question for our consideration: "Whether the trial court erred in failing to apply the deadly weapon enhancement at sentencing?" Commonwealth's brief at 4.

Initially, we note "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa.Super. 2013) (citations omitted). An "appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the

sentencing code." *Id*. An appellant presents a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Id*. Furthermore, "in order to properly present a discretionary sentencing claim, [an appellant] is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement." *Id*. Moreover, on appeal, the appellant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." *Id*.

The Commonwealth, Appellant herein, preserved this issue in its post-sentence motion, Pa.R.A.P. 1925(b) concise statement, and in its Pa.R.A.P. Rule 2199(f) concise statement of reasons relied upon for allowance of appeal.[1] Upon review, we conclude that the application of the DWE presents a substantial question for review. *See Buterbaugh*, *supra* at 1266.

Having determined that the Commonwealth has presented a substantial question for our review, we turn to the merits of its sentencing claim. "We analyze the sentencing court's decision under an abuse of

---

[1] In its brief, the Commonwealth erroneously stylized its Rule 2119(f) statement as a Rule 2119(b) statement.

discretion standard." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.Super. 2015) (citation omitted). In addition, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." ***Id***. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). In addition, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

As the language of the DWE is discussed at length in this matter, we set it forth at the outset. The DWE provides, in part:

> (1) When the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the

DWE/Possessed Matrix (§ 303.17(a)). An offender has possessed a deadly weapon if any of the following were on the offender's person or within his immediate physical control

   (i)   Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or

   (ii)   Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or

   (iii)   Any device, implement, or instrumentality designed as a weapon or capable of producing death or serious bodily injury where the court determines that the offender intended to use the weapon to threaten or injure another individual.

(2)   When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threated or injured another individual:

   (i)   Any firearm, (as defined by 42 Pa.C.S. § 9712) whether loaded or unloaded,

   (ii)   Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or

   (iii)   Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(1)-(2). Thus, according to the respective subparagraphs, the DWE sentence matrices apply to offenders who either possessed or used a deadly weapon during the commission of a crime.

The trial court reasoned that the DWE for use of a deadly weapon pursuant to § 303.10(a)(2) did not apply to Appellee's sentence. It

reviewed our decision in **Buterbaugh**, **supra**, wherein we interpreted the term "instrumentality" in 204 Pa. Code § 303.10(a)(2)(iii) to include motor vehicles. Relying on **Buterbaugh**, the court determined that the DWE only applied to motor vehicles when there was an indication that the defendant "intended to hit or menace the victim." Trial Court Opinion, 4/4/16, at 5. The court emphasized that it is "the intent of the operator and/or the actual manner of use of the motor vehicle" which "may convert it from merely a means of transportation to a deadly weapon." **Id**. It concluded that Appellee did not intend to use the vehicle as a deadly weapon, and, therefore, the DWE did not apply. **Id**.

The Commonwealth contends that the trial court erred in failing to apply the DWE to Appellee's sentence as required by 204 Pa. Code § 303.10(a)(2)(iii). It characterizes our decision in **Buterbaugh** as compelling the application of the DWE in any situation where an automobile is used in a manner capable of causing death or serious injury, notwithstanding the person's intent to use the automobile as a weapon.[2]

_____

[2] The Commonwealth presents this as a challenge to the discretionary aspects of the sentence, in that the trial judge was obligated to apply the DWE in determining the applicable guideline range. **See Commonwealth v. Bowen**, 612 A.2d 512, 517 (Pa.Super. 1993) (while sentencing code confers discretion to fashion sentence, trial judge must apply DWE "where it is applicable.") In this regard, the Commonwealth's position is that **Commonwealth v. Buterbaugh**, 91 A.3d 1247 (Pa.Super. 2014) (*en banc*) **requires** a finding that the DWE is applicable herein, thereby removing the
*(Footnote Continued Next Page)*

The Commonwealth notes that the defendant in **Buterbaugh** was convicted of third-degree murder. It asserts that, since the *mens rea* for third-degree murder requires only a finding of recklessness, the **Buterbaugh** Court did not impute a finding of intent in order to apply the DWE, as such a holding would contradict the requisite culpability. Similarly, it continues, since aggravated assault requires a finding of recklessness, Appellee's intent to use the vehicle as a weapon is irrelevant so long as the crime causes death or serious bodily injury.

The Commonwealth further supports its position by distinguishing the possession and use provisions of the DWE. It observes that a finding of intent is required for applying the DWE to crimes where the individual is merely in possession of a deadly weapon during the commission of a crime. **See** 204 Pa. Code § 303.10(a)(1)(iii). That provision requires the court to determine whether an individual *intended* to use a device, implement, or instrumentality as a deadly weapon before applying the DWE for possession. The Commonwealth contends that, since the legislature did not require the courts to make this same determination when applying the DWE for *use* of a deadly weapon pursuant to 204 Pa. Code § 303.10(a)(2)(iii), such a finding is not necessary here. Thus, the trial court erred in denying application of

*(Footnote Continued)* ────────────

trial judge's discretion. In this respect, the claim could alternatively be viewed as implicating the legality of the sentence.

the DWE to Appellee's judgment of sentence since Appellee used his vehicle in a manner causing serious injury.

We commence our analysis by reviewing our decision in *Buterbaugh*, *supra*. In *Buterbaugh*, this Court considered whether an automobile constituted a deadly weapon for the purposes of the DWE following the death of an individual struck by a pick-up truck. In the wake of an extended interval of drinking alcoholic beverages, the friends of defendant Gerald Buterbaugh, became embroiled in a scuffle at a local bar. *Buterbaugh*, *supra* at 1250-51. After the bartender ejected both sides of the dispute from the bar, including Buterbaugh, the altercation continued outside. *Id*. at 1251. As the incident continued, Buterbaugh entered his truck and started the engine. *Id*. His friends joined him there, and all three individuals attempted to flee from the altercation. *Id*.

As Buterbaugh backed into the street, the truck stalled. Upon restarting the vehicle, he revved the engine, spun his tires, and accelerated the vehicle towards a member of the mob who was standing on the fog line of the road. *Id*. at 1252. Buterbaugh neither braked nor swerved, but rather struck the victim at the truck's highest possible speed given the distance of acceleration. *Id*. Buterbaugh and his friends fled the scene, and the victim died of his injuries shortly thereafter. *Id*. at 1253. During a subsequent investigation, Buterbaugh stated that he intended to scare the victim, and push him off the road. *Id*. at 1252.

Following a trial, Buterbaugh was convicted of third-degree murder. *Id*. at 1253. The trial court applied the DWE and sentenced Buterbuagh to fifteen to forty years of incarceration. *Id*. The court denied Buterbaugh's post-sentence motions, and an appeal ensued wherein he argued, *inter alia*, that the pick-up truck did not qualify as an "instrumentality" for the purposes of the DWE.

Upon review, this Court determined that Buterbaugh's truck was a deadly weapon under the DWE.[3] In so finding, we reviewed the plain meaning of the DWE and looked to Black's Law Dictionary and Merriam-Webster, and concluded that a vehicle is a "device, implement, or instrumentality" under the DWE. *Id*. at 1268. We noted that the Sentencing Commission's use of the qualifying term "capable," indicated that it intended to include not just things designed to produce serious injury or death, but also objects which may be "utilized in a different manner to achieve a more nefarious result," *i.e.* objects that are "capable" of such results. *Id*. 1269. Hence, we established that a "device, implement, or instrumentality is an object, whether simple or complex, that is **utilized** in a fashion to produce death or serious bodily injury, which need not be

---

[3] In **Commonwealth v. Buterbaugh**, 91 A.3d 1247 (Pa.Super. 2014) (*en banc*), we overruled our holding from **Commonwealth v. Burns**, 568 A.2d 974 (Pa.Super. 1990). In **Burns**, we determined motor vehicles were not weapons for the purpose of the deadly weapon enhancement.

consistent with the original purpose of the object." ***Id***. (emphasis in original). We found this interpretation consistent with the purposes of the DWE. ***Id***. citing ***Commonwealth v. Rhoades***, 8 A.3d 912, 917 (Pa.Super. 2010) ("Items not normally classified as deadly weapons can become so based upon their use under particular circumstances.").

Employing the above analysis, we reviewed the circumstances surrounding Buterbaugh's use of his pick-up truck in causing the victim's injuries. We observed that "an automobile is not specifically designed to cause death or serious bodily injury . . . However, like many [other objects], the character of an automobile changes **based on the particular circumstances surrounding its use**." ***Id***. (emphasis added). We concluded that the character of the defendant's truck changed to a deadly weapon "the instant [the defendant] backed his vehicle out of the bar's parking lot, accelerated forward at its maximum rate of acceleration, and struck the victim with sufficient force to cause death." ***Id***. Thus, based on the particular circumstances surrounding the defendant's use of his vehicle, we found the DWE applicable to his sentence. ***Id***. at 1269-70.

Although our decision in ***Buterbaugh*** was not expressly premised upon the defendant's intent concerning the use of his vehicle, the defendant's intent in his particular use of the truck was clearly considered as part of those circumstances. In rendering our decision, we discussed the "nefarious results" necessary to change an innocent object into a deadly

- 11 -

weapon. *Id*. at 1269. We concluded that failure to consider the truck a deadly weapon under the circumstances of that case "would result in the untenable position that an automobile is different than a litany of other everyday objects, which when used with a **wicked purpose**, can cause serious bodily injury or death." *Id*. (emphasis added). A person's use of an object is informed by the ends that person hopes to attain, *i.e.*, his intent with regard to the use of that object. Thus, in discussing a person's "use" of an object, his intent for that particular use is necessarily included in "surrounding circumstances."

Contrary to the Commonwealth's assertions, this Court did implicitly find that the defendant in **Buterbaugh** intended to use his truck as a deadly weapon. Buterbaugh intentionally revved his engine and accelerated at maximum speed toward the victim. This action changed the character of his truck from a benign instrument to a deadly weapon since doing so evinced Buterbaugh's intention to use the truck as a weapon.

The Commonwealth's contention that application of the use provision of the DWE does not require consideration of a person's intent is unpersuasive. Our acceptance of the Commonwealth's position would lead to the untenable result that the DWE could be applied to every motor vehicle accident resulting in death or serious bodily injury, many of which involve a criminal violation of some nature. As discussed above, an analysis of a

person's use of an object necessarily requires consideration of his intent in order to determine whether it was, in fact, utilized as a deadly weapon.

Moreover, unlike the DWE for use of a deadly weapon, when a person merely possesses a device, implement, or instrumentality during the commission of a crime, pursuant to § 303.10(a)(1)(iii), we must consider the person's intent separately from his possession. After all, mere possession of that object might not be unlawful, and the DWE would never apply to everyday objects, even if they were capable of causing serious bodily harm or death, unless that person's intentions were scrutinized. Thus, in applying the DWE for possession under § 303.10(a)(1), the person's intentions with regard to that object are determinative. However, for the sake of applying the DWE for use under § 303.10(a)(2), the person's actual use is determinative, and this use is informed by his intentions.

Here, at the time of the accident, Appellee was using his car as a mode of transportation. Appellee was drunk and distracted at the time of the incident, thus his performance of this task was reckless. Nevertheless, he had no intention to use the automobile as a deadly weapon. In light of the surrounding circumstances, there is no indication that Appellee actually used the car for any reason other than conveying himself and his passengers to York, even though the victim suffered permanent injuries resulting therefrom.

We agree with the trial court's analysis, and thus we discern no abuse of discretion in its determination that the DWE is not applicable to Appellee's judgment of sentence.

Judgment of sentence affirmed.

Judge Platt Joins the opinion.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016