J. S26024/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
LEON DAVID RANSOM, :
:
Appellant : No. 1495 MDA 2016

Appeal from the Judgment of Sentence August 2, 2016
In the Court of Common Pleas of Columbia County
Criminal Division at No.: CP-19-CR-0000913-2015

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED MAY 15, 2017**

Appellant, Leon David Ransom, appeals from the Judgment of
Sentence entered August 2, 2016, in the Court of Common Pleas of
Columbia County. After careful review, we affirm.

The relevant facts and procedural history of this case are as follows.
On August 2, 2016, Appellant entered an open guilty plea to one count of
Robbery, a felony of the second degree.[1] The charges stemmed from
Appellant's participation in a September 3, 2015 armed robbery of
Sneidman's Jewelry Store in Bloomsburg, PA. During the robbery,
Appellant's codefendant pointed a firearm at an employee's head and held it
against her head while Appellant took items from the display cases. Both

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

Appellant and his codefendant wore masks and hoods, and they were both caught on video surveillance fleeing the scene in a white 2003 Volvo sedan. Police in Maryland stopped and arrested Appellant and his codefendant in the same vehicle on unrelated charges a few days later, and police recovered the proceeds of the Robbery and two firearms.

The trial court sentenced Appellant to a term of two to five years' incarceration. Appellant filed a timely Post-Sentence Motion to Modify Sentence, which the trial court denied on September 6, 2016.

On September 12, 2016, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Whether the [t]rial [c]ourt can sentence a defendant in the aggravated range when the sentence is already enhanced by the weapon enhancement provision of the sentencing code?

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence and, as such, must properly invoke this Court's jurisdiction in order to seek review on the merits. *See Commonwealth v. Rhoades*, 8 A.3d 912, 915 (Pa. Super. 2010) (clarifying that a challenge to the application of a deadly weapon enhancement is a challenge to the discretionary aspects of a sentence rather than its legality). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation

omitted). Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Id.** (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue, and including in his Brief a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement").

Accordingly, we next determine whether Appellant's claims present a "substantial question" for review. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). This Court has no jurisdiction where an appellant's Rule 2119(f) Statement fails to raise "a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a

'fundamental norm' of the sentencing process." *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted).

In the instant case, Appellant avers that the trial court's decision to impose a sentence in the aggravated range, while at the same time applying the deadly weapon enhancement ("DWE"), was "unjust." Appellant's Brief at 5. Appellant's Rule 2119(f) Statement essentially challenges the application of the DWE, which presents a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) (holding that defendant presented a substantial question by challenging the application of the DWE where the deadly weapon was a truck); *Commonwealth v. Smith*, 151 A.3d 1100, 1103 (Pa. Super. 2016) (holding that the Commonwealth presented a substantial question by challenging trial court's refusal to apply DWE where defendant caused injuries with a motor vehicle).

Appellant also alleges that the trial court failed to explain adequately the basis for aggravating the sentence. Appellant claims that the trial court failed to "state any additional reasons to aggravate this sentence" because the factors the trial court listed during Appellant's sentencing hearing "were incorporated in the guidelines and the [A]ppellant's offense gravity score." Appellant's Brief at 8. This also presents a substantial question. *See Commonwealth v. McNabb*, 819 A.2d 54, 56-57 (Pa. Super. 2003) (finding a substantial question where defendant "alleg[ed] that the

sentencing court did not sufficiently state its reasons for the sentence" and relied on "impermissible factors.").

Having determined that Appellant has presented two substantial questions for our review, we turn to the merits of his sentencing claims.

"[W]e analyze the sentencing court's decision under an abuse of discretion standard." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Crump*, *supra* at 1282 (citation omitted). In addition, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776-77 (Pa. Super. 2009).

Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). In addition, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

The DWE provides, in relevant part, as follows:

(1) When the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Possessed Matrix (§ 303.17(a)). An offender has possessed a deadly weapon if any of the following were on the offender's person or within his immediate physical control

(i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or

(ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or

(iii) Any device, implement, or instrumentality designed as a weapon or capable of producing death or serious bodily injury where the court determines that the offender intended to use the weapon to threaten or injure another individual.

204 Pa. Code § 303.10(a)(1).  Thus, according to Section 303.10(a)(1), the

DWE sentencing matrix applies to offenders who possessed a deadly weapon

during the commission of a crime.

The DWE applies to non-armed co-conspirators in robberies where one

co-conspirator holds a weapon and another co-conspirator takes items from

the victim.  **See Commonwealth v. Phillips**, 946 A.2d 103, 114 (Pa.

Super. 2008) (observing that the unarmed offender had knowledge of the

existence of a weapon and "could easily have been given or taken the gun at any moment during the robbery.").

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Crump, supra** at 1283 (citation omitted). Further, "[w]here pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014) (quotation marks and citation omitted). Additionally, "[w]hen the court imposes an aggravated or mitigated sentence, it shall state the reasons on the record[.]" 204 Pa.Code § 303.13(c).

Here, the trial court did not abuse its discretion when it sentenced Appellant. The parties agreed that the PSI, which stated that Appellant's prior record score was zero and the offense gravity score was 7, was accurate. Appellant offered no corrections to the PSI. **See** N.T. Sentencing, 8/2/16, at 2. Using the DWE (Possessed) matrix, the standard range of the guidelines was from 12 to 20 months' incarceration, with an available aggravated range of up to 26 months (*i.e.*, six additional months). 204 Pa. Code § 303.17(a); 204 Pa. Code § 303.13(a)(3).

The trial court imposed a minimum sentence of 24 months, which is within the aggravated range of the applicable sentencing guidelines. *See* N.T. Sentencing, 8/2/16, at 12. After the Commonwealth presented victim impact testimony from the employee whom Appellant and his codefendant had held at gunpoint during the robbery, the trial court issued the following statement when imposing the sentence:

> My reasons, to state the reasons, it is my purpose, my obligation, to state the reasons for my sentence. I have considered probation and rejected the same because I believe that you knew or you should have known that your actions would cause serious harm to the victims. You knew or should have known it could cause physical and/or psychological injury. There is no provocation for your actions, no grounds tending to excuse or justify your crimes. The victims did nothing to facilitate or induce the crimes committed against them. You will not be able to compensate the victims for their injuries. I considered guilt without penalty and partial confinement, rejected both for the above stated reasons. I believe the lesser sentence would seriously depreciate the nature of your crimes.

N.T. Sentencing, 8/2/16, at 11.

We conclude that the trial court did not abuse its discretion in sentencing Appellant. First, the trial court properly applied the DWE. Even though Appellant did not actually hold the weapon and threaten the employee, Appellant knew his codefendant had the weapon and Appellant could have taken the gun at any moment. *See Phillips*, *supra* at 114.

Second, the trial court's statement of reasons adequately explained its decision to impose a sentence in the aggravated range of the DWE guidelines. The trial court relied on several permissible factors to impose a

sentence in the aggravated range. Such factors were not duplicative of factors already taken into consideration by the prior record score, offense gravity score, or the deadly weapon enhancement.

Moreover, Appellant's bald assertion that it is never permissible to impose an aggravated sentence when applying the "already enhanced" DWE matrix[2] simply ignores the contents of the DWE matrices and the Sentencing Code. ***See, e.g.,*** 204 Pa. Code § 303.17(a)-(b) (including a separate column listing the aggravated and mitigated ranges for the DWE matrices).

We discern no abuse of discretion. Therefore, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017

---

[2] Appellant's Brief at 6.