**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM ABDUL ALI | : | |
| | : | |
| Appellant | : | No. 1073 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000035-2018

BEFORE:   PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                              **FILED JULY 22, 2019**

Appellant Adam Abdul Ali appeals from the judgment of sentence following his guilty plea to simple assault and disorderly conduct.[1]  Appellant challenges the discretionary aspect of his sentence.  We affirm.

On December 1, 2017, Appellant entered a classroom at Perseus Leadership Academy and engaged in an altercation with a student.  Appellant was not assigned to the classroom and a class was in progress.  When a teacher attempted to intervene, Appellant fought the teacher.  At some point, an Erie Police Department Patrolman entered the classroom and along with the teacher attempted to restrain Appellant.  Appellant continued to struggle, and Appellant and the teacher fell to the floor.  During the incident, a lamp

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1), and 5503(a)(4), respectively.

and a computer were broken. After the fight was broken up, Appellant was taken into custody and charged with simple assault, disorderly conduct, and institutional vandalism.

Khadija W. Horton, Esq. (Attorney Horton) entered her appearance for Appellant. On May 1, 2018, Appellant pled guilty to simple assault and disorderly conduct.[2] The trial court deferred sentencing for the preparation of a presentence investigation report.

On June 26, 2018, the trial court convened a sentencing hearing. After the trial court made a statement about its impressions of the case, it indicated that incarceration was appropriate. Appellant's counsel argued against incarceration, during which the court interjected several times, engaged counsel in a discussion, and rejected counsel's arguments. *See* N.T., 6/26/18, at 4-9. The court indicated it believed that Appellant's behavior was brash and outrageous, Appellant's background showed a lack of impulse control, and not imposing punishment would send the wrong message. *See id.* During allocution, Appellant indicated that he recently obtained employment as security at Erie Insurance. *Id.* at 10.

Before imposing sentence, the trial court noted:

> [F]irst of all, I have the benefit of the Pennsylvania Sentencing Code, the presentence report, the Guidelines. I looked at the statements of defense counsel, [Appellant], attorney for the Commonwealth. And I looked at [Appellant], his age, his

---

[2] The Commonwealth withdrew the charge of institutional vandalism.

- 2 -

background, his character and his rehabilitative needs, the nature of the circumstances of the offense.

So here we have a young man, a young man . . . nineteen now.

\*  \*  \*

[Appellant has a] Prior Record Score of 2 because of a serious juvenile offense.[3] And one would think, given a young man when the victim is not seriously injured, probation would be appropriate. But we sentence criminals, and we sentence criminals for certain acts. And here the acts of this criminal—and that's a fair word— even though young, are so audacious, so aggressive, so lacking in social controls, that to impose anything other than a jail sentence would be simply to condone the wholly unacceptable. You cannot break into a [classroom], beat a student, and in the course of it get in scuffles with police and teachers.

*Id.* at 12-13. The court sentenced Appellant to five to twenty-three months' imprisonment for simple assault and no further penalty for disorderly conduct.

Additionally, the trial court stated:

[Appellant] is work release eligible. But, but I want his employer notified, if he didn't notify them, of the fact of his conviction. Because I'm concerned he's working, as he puts it, security. When his temper indicates that that is a dangerous occupation. It may get him fired, but the employer is entitled to know about this charge.

*Id.* at 14.

Appellant timely filed a post-sentence motion seeking a reduced sentence and challenging the requirement that Appellant's employer be told of the conviction. The trial court denied the motion for reconsideration on

---

[3] The Sentencing Guidelines suggested standard minimum sentences of restorative sanctions to two months' incarceration for disorderly conduct and restorative sanctions to nine months' incarceration for simple assault. *See* 204 Pa. Code 303.16(a).

June 28, 2018.  Attorney Horton filed a timely notice of appeal on behalf of Appellant on July 26, 2018.

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement by August 17, 2018.  Attorney Horton filed a statement of intent to file an **Anders**[4] brief.  **See** Pa.R.A.P. 1925(c)(4).  The court declined to file a Rule 1925(a) opinion, citing Attorney Horton's notice of intent to file an **Anders** brief.  **See** Order, 9/14/18 (citing **Commonwealth v. McBride**, 957 A.2d 752 (Pa. Super. 2008)).

Attorney Horton did not file an **Anders** brief or a petition to withdraw in this Court.  Instead, Emily Merski, Esq. (Attorney Merski), of the Office of the Public Defender entered her appearance on behalf of Appellant in this Court on October 4, 2018.  Thereafter, on October 15, 2018, Attorney Horton filed a petition to withdraw as counsel, which this Court granted on October 17, 2018.  After Attorney Merski entered her appearance and Attorney Horton withdrew, Attorney Merski filed an advocate's brief challenging the discretionary aspects of the sentence.

We remanded this matter for Appellant to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(3).  Attorney Merski filed a Rule 1925(b) statement and challenged the sentence as being "manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code." Appellant's Statement of Matters Complained of on Appeal, 4/2/19, at 2.  The

---

[4] **Anders v. California**, 386 U.S. 738 (1967).

- 4 -

Rule 1925(b) statement did not refer to the requirement that Appellant's employer be informed of the conviction.

The trial court filed a supplemental Rule 1925(a) opinion noting that

Appellant's sentence was within the standard guidelines, appropriate, and substantiated by the record. The [s]entencing [c]ourt had the benefit of a presentence report and took into account all relevant factors in sentencing the Appellant. The Appellant has not set forth specifically how or why the sentence was excessive or unreasonable. Here, Appellant fails to make a cognizable argument that his sentence was manifestly unreasonable and therefore his appeal should be denied.

Trial Ct. Op., 4/17/19, at 1.[5]

Appellant raises the following question for our review: "Whether the [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" Appellant's Brief at 3.

Appellant asserts that the trial court abused its discretion when it ordered Appellant to notify his employer of his sentence. *Id.* at 7. Appellant also contends that the court's conduct and statements before imposing its sentence demonstrated "a clear intent that the court had predetermined the Appellant's punishment." *Id.* at 9. Lastly, Appellant claims that the sentence was excessive because "the court failed to consider certain mitigating factors." *Id.* at 6. In support of this claim, Appellant argues that the trial court failed to consider the fact that Appellant took responsibility for his actions by

_____

[5] Because the judge who presided at Appellant's guilty plea and sentencing proceeding retired, the supplemental Rule 1925(a) opinion was authored by a different judge.

- 5 -

entering a plea. *Id.* Appellant also suggests the trial court placed undue emphasis on his prior juvenile adjudication for robbery and failed to consider that this was his first offense as an adult. *Id.* at 6-7.

It is well settled that a challenge to the discretionary aspects of sentencing may not be appealed as of right. ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa. Super. 2016).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (citation and footnote omitted). Additionally, claims presented for appeal must be preserved in a Pa.R.A.P. 1925(b) statement. ***See Commonwealth v. Smith***, 151 A.3d 1100, 1103 (Pa. Super. 2016).

Instantly, Appellant's arguments that the trial court erred in imposing a requirement that his employer be informed of the conviction and in predetermining his sentence have not been preserved for appeal. Although Appellant raised these claims in a timely post-sentence motion, his Rule 1925(b) statement did not expressly preserve or fairly encompass his arguments. ***See*** Appellant's Statement of Matters Complained of on Appeal at 2 (challenging the sentence as "manifestly excessive, clearly unreasonable,

and inconsistent with the objectives of the Sentencing Code"). Therefore, we are constrained to find these issues waived.[6] *Cf. Smith*, 151 A.3d at 1103.

Appellant has preserved his challenge to the excessiveness of the sentence by filing a timely post-sentence motion, filing a timely appeal, and presenting the issues in a concise statement of the reasons relied upon for allowance of appeal. Moreover, Appellant's claim raises a substantial question. *Cf. Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*); *Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015). Therefore, we will consider the merits of this issue.

Our standard of review in this context is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

In fashioning a sentence, "the trial court is required to consider the particular circumstances of the offense and the character of the defendant."

_____

[6] We add that Appellant's challenge to the requirement that his employer be informed of his conviction consists of a single sentence without citation to any authority. Therefore, we would not have had a proper appellate argument to consider this challenge. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa. Super. 2012).

*Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted); *see also* 42 Pa.C.S. § 9721(b). The court should reference "the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation." *Ventura*, 975 A.2d at 1135 (citation omitted). Although "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). Further, this Court has held that "where the sentencing judge had the benefit of a pre-sentence investigation report [(PSI)], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Ventura*, 975 A.2d at 1135 (citation omitted).

This Court may only disturb a standard range sentence if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d),[7]

---

[7] Section 9781(d) provides:

> **(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b). *See Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013).

Following our review, we discern no reversible error. The trial court had the PSI and considered mitigating factors. *See* N.T. at 4-9, 12-13. The court here simply refused to draw the same conclusions or weigh the mitigating factors and Appellant's prior record in the manner suggested by Appellant's counsel. *See id.* Having reviewed the record in light of our standards of review, we cannot conclude that the trial court's balancing of the mitigating factors against the nature and circumstances of the offense was clearly erroneous. *See Raven*, 97 A.3d at 1253; *Baker*, 72 A.3d at 663. Therefore, we have no basis to disturb the sentence as excessive.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2019

---

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).