J-S35009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                      :  PENNSYLVANIA
                                      :

         v.                          :
                                      :

GERALD TRAVIS BUTERBAUGH    :
                                      :

         Appellant         :  No. 245 MDA 2021

Appeal from the PCRA Order Entered January 22, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001229-2010

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:         **FILED: DECEMBER 30, 2021**

Appellant, Gerald Travis Buterbaugh, appeals *pro se* from the order

entered on January 22, 2021, dismissing his third petition filed pursuant to

the Post Conviction Relief Act[1] (PCRA) as untimely.  We affirm.

The PCRA court briefly summarized the facts and procedural history of

this case as follows:

> Following a four-day jury trial [in] 2011, [Appellant] was convicted
> of [third-degree murder.]  He was thereafter sentenced [] to 15
> to 40 years' incarceration [after the sentencing court applied a
> sentencing enhancement for use of a] deadly weapon[.  Appellant]
> timely appealed.  On November 5, 2012, [this] Court vacated
> [Appellant's] judgment of sentence finding that the trial court
> erred in applying a deadly weapon enhancement to [his] sentence,
> since ***Commonwealth v. Burns***, 568 A.2d 974 (Pa. Super. 1990)
> established that motor vehicles were not to be considered
> weapons for the purpose of the enhancement; accordingly, [this]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Court remanded for re-sentencing. Prior to re-sentencing, the Commonwealth filed an application for reconsideration *en banc*. [This] Court granted *en banc* review to determine whether an automobile constitutes a deadly weapon for purposes of [sentencing] enhancement. On May 13, 2014, [an *en banc* panel of this] Court affirmed [Appellant's] original sentence[, concluding that a motor vehicle constitutes a deadly weapon for purposes of the deadly weapon used enhancement found at 204 Pa. Code § 303.10(a)(2)(i)-(iii).[2] The Pennsylvania Supreme Court denied further review.]

[Appellant] filed his first *pro se* PCRA petition on February 8, 2016 [and counsel was appointed]. By opinion and order [] filed June 22, 2017, [the PCRA court] dismissed [Appellant's] petition. [This Court] affirmed [the decision] on October 10, 2018 [and our Supreme Court denied further review.]

While [Appellant's] appeal was still pending, [Appellant] filed a second *pro se* [PCRA petition. The PCRA court] entered an order [] dated August 17, 2018, notifying [Appellant] that [it] intended to dismiss his PCRA petition without a hearing, as [Appellant's] prior petition was still pending before [this] Court. [The PCRA court] entered a final [order] dismiss[ing Appellant's second PCRA] petition on September 17, 2018.

On September 30, 2020, [Appellant] filed [the current] *pro se* [PCRA petition. The PCRA court] entered an order on October 2, 2020, advising [Appellant] he was not entitled to the appointment of counsel as a matter of right, as it was not his first PCRA petition[.] On October 21, 2020, the Commonwealth [responded to Appellant's PCRA petition as directed by the PCRA court.]

On November 23, 2020, [the PCRA court] notif[ied Appellant of its] intent to dismiss his petition as untimely and advised him of his right to file a response within twenty days. [After receiving an extension from the PCRA court, o]n January 21, 2021, [Appellant responded.] On January 22, 2021, [the PCRA court] entered a final [order] dismiss[ing Appellant's PCRA petition as untimely].

---

[2] ***See Commonwealth v. Buterbaugh***, 91 A.3d 1247 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014).

PCRA Court Opinion, 3/23/2021, at 1-4 (superfluous capitalization and original footnotes omitted). This timely appeal resulted.[3]

Appellant raises the following issues *pro se* for our review:

I. Whether the [] PCRA court abused its discretion when [it] dismissed [Appellant's] PCRA petition as untimely and without a hearing [when he raised] timeliness exceptions [to the PCRA]?

Appellant's *Pro Se* Brief, at 4 (superfluous capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Brandon***, 51 A.3d 231, 233 (Pa. Super. 2012). The PCRA requires that any PCRA petition be filed within one year of the date that the petitioner's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "This one-year limitation is jurisdictional and, therefore, courts are prohibited from considering an untimely PCRA petition." ***Commonwealth v. Lopez***, 249 A.3d 993, 999 (Pa. 2021) (citations omitted). In this case, an *en banc* panel of this Court affirmed Appellant's judgment of sentence in May 2014. Thus, his judgment of sentence became final in 2015, following our Supreme Court's denial of further review and upon the expiration of the time to file an appeal with the United

---

[3] Appellant filed a *pro se* notice of appeal on February 19, 2021. The PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. On March 23, 2021, the PCRA court entered an opinion pursuant to Pa.R.A.P. 1925(a) which largely relied upon its earlier decision issued on November 23, 2020.

States Supreme Court. Accordingly, Appellant's current PCRA petition filed in September 2020 is patently untimely.[4]

"To establish the PCRA court's jurisdiction, [Appellant] must therefore plead and prove the applicability of [one of three] exception[s] to the PCRA's time bar." **Lopez**, 249 A.3d at 999, *citing* 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii) (governmental interference, newly-discovered evidence, and/or newly-recognized constitutional right). Here, Appellant claims that his PCRA petition was subject to the newly recognized constitutional right and newly-discovered evidence exceptions to the PCRA pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii), respectively. Appellant's *Pro Se* Brief, at 9. More specifically, in support of both timeliness exceptions to the PCRA, as well as his general right to relief, Appellant relies upon our Supreme Court's decision in **Commonwealth v. Smith**, 186 A.3d 397 (Pa. 2018). Appellant's *Pro Se* Brief, at 9-11.

Our Supreme Court summarized the facts in **Smith** as follows:

On the evening in question, [Smith] drove to several bars and consumed alcohol. At the last of these establishments, he spoke with three individuals and expressed an interest in obtaining drugs. The four men left the bar and got into [Smith's] car, with [Smith] driving. While *en route* to purchase drugs, [Smith] approached an area where pedestrians were intermittently crossing the street in a lighted crosswalk equipped with flashing warning lights. [Smith] did not slow down as his vehicle approached. He struck a pedestrian in the crosswalk, causing severe injuries, and then fled the scene without getting out of his car to check on the victim. At the time of the incident, [Smith]

---

[4] Appellant "concedes that his PCRA [p]etition is facially untimely." **See** Appellant's *Pro Se* Brief, at 9.

- 4 -

was intoxicated and distracted by his passengers. There [was] no suggestion [Smith] meant to strike the victim or even that he saw him until immediately before the collision. Thus, it [was] undisputed that [Smith's] conduct in injuring the victim was criminally reckless but not knowing or intentional.

[Smith] was charged with numerous offenses, including aggravated assault, *see* 18 Pa.C.S.A. § 2702(a)(1), and driving under the influence. ***See*** 75 Pa.C.S.A. § 3802(a)(1). He entered open guilty pleas to those two charges, and the Commonwealth *nolle prossed* [] others.

Prior to sentencing, the Commonwealth argued that, under ***Commonwealth v. Buterbaugh***, 91 A.3d 1247 (Pa. Super. 2014) (*en banc*) (holding that an automobile can constitute a deadly weapon for purposes of the deadly-weapon-used sentencing enhancement), the court should apply the deadly-weapon-used enhancement (the "DWUE") because it is implicated whenever a vehicle is involved in the underlying offense. [Smith] opposed the Commonwealth's position, contending that ***Buterbaugh*** had held that application of the DWUE is circumstance-dependent. More particularly, [Smith] maintained that under ***Buterbaugh***, the DWUE only applies when the driver specifically intends to use the vehicle to injure or threaten the victim, which is what had occurred in that matter.

The common pleas court agreed with [Smith's] reading of ***Buterbaugh*** and concluded that the DWUE was not presently implicated because [Smith] only intended to use his vehicle as a means of transportation—and not as a weapon—at the time of the incident. Accordingly, the court sentenced [Smith] within the standard range for aggravated assault without the DWUE, albeit at the "top end" of that range.

[This] Court affirmed on the same grounds, namely, that there was no indication Appellee sought to use his car as a deadly weapon. ***See Commonwealth v. Smith***, 151 A.3d 1100, 1107 (Pa. Super. 2016). [Our Supreme Court] granted further review to address whether the common pleas court should have applied the DWUE under the facts of [***Smith***]. ***See Commonwealth v. Smith***, 169 A.3d 1067 (2017) (*per curiam*).

***Commonwealth v. Smith***, 186 A.3d 397, 399–400 (Pa. 2018) (record citations and footnotes omitted).

The **Smith** Court "ultimately conclude[d] that criminally reckless use of such a vehicle for its ordinary purpose of transportation does not trigger an enhanced sentence notwithstanding that such recklessness results in serious bodily injury."[5]  **Id.** at 403.  However, our Supreme Court specifically differentiated the facts in **Smith** from the facts in Appellant's case, recognizing:

> Plainly, motor vehicles are ordinarily used for transportation. However, they can become weapons when repurposed to threaten or injure others. Thus, in **Buterbaugh** [Appellant] was involved in an altercation which started in a tavern and continued outside. In an angry state of mind, he got into his pickup truck, revved the engine, and accelerated toward the victim, striking and killing him. The [**Buterbaugh** C]ourt explained that his
>
>> vehicle was originally used for its intended purpose: to transport two friends and himself to a bar.  However, the character of the vehicle changed to a deadly weapon the instant Appellant backed his vehicle out of the bar's parking lot, accelerated forward at its maximum rate of acceleration, and struck the victim with sufficient force to cause death.
>
> **Buterbaugh**, 91 A.3d at 1269.  In short, [Appellant] consciously repurposed his vehicle as a weapon and used it as such.  In this respect, [Appellant's] action in injuring his victim, being intentional, was qualitatively different from, and more culpable than, [Smith's] reckless conduct.  **Cf. People v. Stewart**, 55 P.3d 107, 117–18 (Colo. 2002) (differentiating between (a) recklessly driving "a vehicle as a vehicle" resulting in serious

---

[5]  Appellant relies primarily on this isolated quotation from **Smith** to support his request for relief.  **See** Appellant's *Pro Se* Brief, at 9 and 11.  He claims that the **Smith** decision was "the first time that the Pennsylvania Supreme Court had ruled on the issue of a motor vehicle being classified as a weapon in regards to the [Pennsylvania] Deadly Weapon Enhancement statute and according to its holding, [**Smith**] should overrule the previous *en banc* decision" in this matter.  **Id.** at 9.  As we will discuss, however, the **Smith** Court did not overrule this Court's decision in Appellant's case and, instead, factually distinguished the two criminal episodes.

- 6 -

bodily injury, and (b) using a car as a deadly weapon such as in a "road rage" incident, and concluding that the legislature could rationally prescribe a harsher punishment for the latter type of conduct).

[In *Smith*, t]he Commonwealth stresse[d] that [in *Buterbaugh*, Appellant] was not found to have had a specific intent to kill, as he was convicted of third-degree murder rather than first-degree murder. Regardless, upon seeing the victim, [Appellant] intentionally accelerated his vehicle toward him. *See Buterbaugh*, 91 A.3d at 1252. Thus, [Appellant's] lack of a specific intent to kill [was] not directly relevant to the issue in [the *Smith*] appeal. *Cf. Commonwealth v. Chumley*, 394 A.2d 497, 501–502 (Pa. 1978) (approving a description of legal malice, for third-degree murder purposes, which incorporated a "specific intent to inflict great bodily injury"). Further, the circumstances of *Buterbaugh* illustrate that [] the DWUE [] be applied in the context of a general-intent crime.

*Id.* at 404–405.

Based upon all of the foregoing, it is clear that our Supreme Court in *Smith* did not recognize a new constitutional right applicable to Appellant. The *Smith* Court did not expressly overrule our *en banc* decision on direct appeal in this matter. In fact, the *Smith* Court specifically recognized that the deadly weapon sentence enhancement was properly applied to Appellant. Thus, Appellant's reliance on the newly-recognized constitutional right exception under Section 9545(b)(1)(iii) of the PCRA fails. We further reject Appellant's claim that the *Smith* decision also constitutes newly-discovered evidence under the PCRA, since "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii)." *Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018) (citation omitted). "New legal decisions can only

overcome the PCRA's timeliness requirements in the context of Section 9545(b)(1)(iii)[(newly recognized constitutional right)]. *Id.*

In sum, Appellant's most recent PCRA petition was clearly untimely, and he failed to plead and prove an exception to the PCRA court's one-year jurisdictional time-bar. As such, the PCRA court lacked jurisdiction to address Appellant's PCRA petition and properly dismissed it. We discern no error.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2021