J-S33003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIMITRIUS BASHIR CAMPBELL, | : | |
| | : | |
| Appellant | : | No. 936 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 16, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000737-2024

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 21, 2025**

Dimitrius Bashir Campbell appeals from the judgment of sentence of fifteen to thirty years of imprisonment imposed following his guilty pleas to attempted homicide and conspiracy to do the same. Appellant's counsel, Jeffrey G. Velander, Esquire, has petitioned to withdraw and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny the petition to withdraw and direct counsel to file either an advocate's brief or revised ***Anders*** brief.

Appellant agreed to the following facts gleaned from the Commonwealth's recitation at his guilty plea hearing. On December 29, 2023, members of the Allentown Police Department were around the area of the Sportsmen's Bar for an investigation in an unrelated case when they heard

shots fired. They pursued a fleeing individual, later identified as Appellant. Once officers caught up to him, he was cooperative, but they saw that he had discarded a ghost gun during his flight.

The officers then returned to the scene outside the Sportsmen's Bar and found that a victim, Tamara Hyman, had been shot in the arm. There was also another individual, Samuel Lebron, who was struck multiple times, including in the abdomen. Ms. Hyman was transported to a local hospital for her injuries, while Mr. Lebron required emergency surgery. He was unable to move when detectives found him. At the time of the plea, he had restored most mobility in his body except for one of his legs, and due to nerve damage, it was deemed possible that he would never regain movement. In total, officers found a total of twenty-three shell casings on the street outside of the bar.

Detective Samson Wega investigated the matter. He believed that there was an ongoing dispute between Appellant's gang and Mr. Lebron's group spanning from a shooting in 2022. When Detective Wega interviewed Appellant, however, he did not confirm his involvement in a gang and did not want to implicate others. He stated that he shot Mr. Lebron simply because Appellant is "a very angry person." N.T. Guilty Plea Hearing, 10/28/24, at 25. It was later confirmed that Ms. Hyman was not an intended target.

Based on the aforementioned events, Appellant was charged with two counts of criminal attempt to commit homicide, four counts of aggravated

assault, and one count each of conspiracy to commit homicide, firearms not to be carried without a license, and recklessly endangering another person. The Commonwealth offered Appellant the opportunity to plead guilty to attempted homicide against Mr. Lebron and conspiracy to commit murder. In exchange, the Commonwealth would run those sentences concurrently, cap the minimum sentence of imprisonment at fifteen years, and dismiss the remaining charges. Appellant accepted this offer.

At the ensuing hearing, the court colloquied Appellant regarding his plea. The parties agreed that Ms. Hyman did not suffer serious bodily injury, but Mr. Lebron did, and Appellant was pleading guilty to attempted murder and conspiracy to commit murder of Mr. Lebron. Relevantly, the court explained the elements of the conspiracy charge as follows:

> [A] conspiracy is an agreement between two or more people to commit an illegal act. The conspiracy here is with [Appellant] and an unnamed person to shoot and kill Mr. Lebron. The fact that [Appellant] did not kill him doesn't mean that there wasn't a conspiracy between [him] and somebody else.
>
> Now, in order to have a conspiracy, there has to be an overt act in furtherance of the conspiracy. Here the overt act would be the shooting of Mr. Lebron.

*Id*. at 29.

The court further explained that although Appellant's minimum sentence would be at most fifteen years in accordance with the plea deal, his maximum exposure for the concurrent sentences of attempted homicide and conspiracy was up to forty years in prison. Appellant attested that he understood the

- 3 -

nature and elements of his offenses and the potential sentencing exposure, and he affirmed his desire to plead guilty. The court deferred sentencing and ordered a presentence investigation ("PSI") report.

At the sentencing hearing, the Commonwealth presented Officer Jennifer Grim, a former parole officer with Lehigh County in the gang intelligence unit, as an expert in gang identification. She confirmed that Appellant was a member of the Grape Street Crips and opined that this shooting was gang related. Appellant exercised his right to allocution. He took responsibility for his crimes and apologized to the injured parties. When prompted, Appellant declined to provide the court with a motive behind the shooting. Appellant's grandmother also advocated for a lenient sentence. Before imposing the sentence, the court noted that it considered the testimony presented at the hearing, the PSI report, the nature of the incident, and the extent of Mr. Lebron's injuries. It believed that a sentence of fifteen to thirty years of imprisonment was necessary to rehabilitate Appellant and protect the community.

Appellant filed a post-sentence motion, arguing that the court improperly considered gang-related activity in crafting the sentence. *See* Petition for Reconsideration of Sentence, 12/26/24, at ¶¶ 5-7. The court denied the motion, and Appellant timely appealed. In Appellant's court-ordered Pa.R.A.P. 1925(b) statement, he asserted that his sentence for conspiracy to commit murder was illegal because it exceeded the statutory

maximum.[1]  The court issued a responsive opinion in accordance with Rule 1925(a).

As mentioned, Attorney Velander has petitioned to withdraw in this Court and authored an **Anders** brief.  Accordingly, the following legal principles apply to our consideration of these filings:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Falcey***, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the

---

[1] We remind the trial court that its Rule 1925(b) orders must include, *inter alia*, "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii).

procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Attorney Velander has substantially complied with the above requirements. The brief sets forth the procedural and factual background of this matter with citations to the record. *See Anders* brief at 6-11. Counsel also concluded that the appeal is wholly frivolous with supporting legal authority. *Id*. at 12-24. Further, Attorney Velander supplied the brief to Appellant and advised him of his right to hire new counsel or represent himself in this Court. *See* Petition to Withdraw as Counsel, 6/2/25, at Appendix A.[2] Appellant did not offer a reply. Therefore, we proceed to "make an

_____

[2] In counsel's petition, he asserts that he informed Appellant of his right to "proceed with this appeal either by the filing of his own responsive brief or materials or other memorandum, *pro se*, or by proceeding with counsel of his own choosing, and retain such counsel or, by requesting from the [c]ourt the appointment of other alternative counsel, if he should so choose." Petition to Withdraw as Counsel, 6/2/25, at ¶ 6.

To the extent counsel suggested that Appellant has the right to court-appointed counsel of his choosing, this was improper. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005) (explaining that an appellant is not "entitled to different court-appointed counsel" and "is entitled only to retain new counsel or to proceed *pro se* should he choose to do so"). However, counsel's letter to Appellant confirms that he properly informed him of his right to represent himself or hire private counsel. *See* Petition to Withdraw as Counsel, 6/2/25, at Appendix A. Accordingly, we conclude that counsel has substantially complied with *Anders*.

independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (cleaned up).

Counsel identifies the following issues that would arguably support an appeal, which we have reordered for ease of discussion:

A.    Whether the sentence imposed for count [three], conspiracy to commit first degree murder, was an illegal sentence in that the victim, which was presumed to be [Ms. Hyman], did not suffer a serious bodily injury, therefore, the statutory maximum sentence is [twenty years], not the [thirty years] that was imposed.

B.    Whether the trial court abused its discretion in imposing a sentence based upon an improper factor, *i.e.*, the Commonwealth's allegation that the Appellant's crimes were a result of gang-related activity?

*Anders* brief at 4-5 (some capitalization altered).

We begin with the question of whether Appellant's sentence for conspiracy to commit murder is illegal, which "is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Whalley*, 326 A.3d 948, 950 (Pa.Super. 2024) (cleaned up).  For that offense, a person "may be sentenced to a term of imprisonment which shall be fixed by the court at not more than [forty] years" if "serious bodily injury results."  18 Pa.C.S. § 1102(c).  "Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than [twenty] years." *Id*.

Within the *Anders* brief, counsel posits that since one of the victims, Ms. Hyman, did not suffer serious bodily injury, the sentence imposed for

conspiracy to commit murder exceeded the statutory maximum as to that victim. *See Anders* brief at 20. However, counsel explains that Appellant was entering a guilty plea to conspiracy to murder Mr. Lebron, who suffered serious bodily injury. *Id*. at 20-21. Accordingly, Attorney Velander concludes that Appellant's sentence was within the statutory maximum. *Id*. at 21.

Upon review, we agree with counsel that this claim, if raised, would be wholly frivolous. When the court engaged in its thorough guilty plea colloquy, it explained the elements of the conspiracy offense to Appellant. Notably, it referenced Mr. Lebron as the victim. *See* N.T. Guilty Plea Hearing, 10/28/24, at 29. The court also prefaced its explanation of the charges with a statement that Appellant was "not pleading guilty to shooting Ms. Hyman[.]" *Id*. at 26. Thus, it was clear that Appellant was pleading guilty to conspiracy to commit murder against Mr. Lebron, who suffered serious bodily injury. Hence, his sentence is legal because it did not exceed the maximum penalty pursuant to § 1102(c).

The next issue addressed by counsel pertains to the discretionary aspects of Appellant's sentence. To garner this Court's review of such a challenge, an appellant must demonstrate that he: "(1) timely appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Strouse*,

308 A.3d 879, 882 (Pa.Super. 2024). This claim must also be preserved in the Rule 1925(b) statement. *See Commonwealth v. Smith*, 151 A.3d 1100, 1103 (Pa.Super. 2016) ("[I]n order to properly present a discretionary sentencing claim, [an appellant] is required to preserve the issue in either a post-sentence motion or at sentencing **and** in a court-ordered [Rule] 1925(b) concise statement." (emphasis added, cleaned up)).

Appellant timely appealed and raised his issue in a post-sentence motion. *See* Petition for Reconsideration of Sentence, 12/26/24, at ¶¶ 5-7. The *Anders* brief also included a Rule 2119(f) statement, contending that the court improperly considered Appellant's gang activity at sentencing, which raises a substantial question. *See Commonwealth v. Pacheco*, 227 A.3d 358, 376 (Pa.Super. 2020) ("[A]n allegation that the court considered an impermissible sentencing factor raises a substantial question." (cleaned up)). However, Appellant did not include this contention in his Rule 1925(b) statement. Therefore, this matter is waived. *See Smith*, 151 A.3d at 1103; *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa.Super. 2008) (explaining that pursuing a waived claim on direct appeal is frivolous). Counsel acknowledged that he did not include this issue in the Rule 1925 statement but did not argue that it was waived. *See Anders* brief at 12.

Even if this issue were properly preserved, we would agree with counsel that this potential argument fails. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (addressing the merits of a waived discretionary

aspect of sentencing claim because "***Anders*** requires review of issues otherwise waived on appeal" (cleaned up)).  This Court evaluates a trial court's imposition of a sentence for an abuse of discretion.  ***See Commonwealth v. Aulisio***, 253 A.3d 338, 344 (Pa.Super. 2021).  A court must impose a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).  Where the court had the benefit of a PSI report, this Court assumes that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."  ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010).  Further, a sentence that is within the standard range of the sentencing guidelines is presumably "appropriate under the Sentencing Code."  ***Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa.Super. 2019).

Although the court did not address Appellant's discretionary aspect of sentencing claim because it was missing from his Rule 1925(b) statement, the court did acknowledge that he presented this argument in his post-sentence motion.  ***See*** Trial Court Opinion, 5/1/25, at 2-3.  It noted that it rejected this contention because Appellant's gang activity "was not relevant to [his] sentence."  ***Id***. at 3.  This determination is supported by the record.

At sentencing, the court heard testimony from Officer Grim, Appellant's grandmother, and Appellant.  Officer Grim confirmed Appellant's association

in the Grape Street Crips, but Appellant stated that he had no motive prompting this shooting. Instead of considering the shooting to be gang retaliation, the court stated that it was "left with the idea that [Appellant] just went up to two people outside the Sportsmen's Bar and shot them for no reason whatsoever." N.T. Sentencing Hearing, 12/16, 24, at 45-46. The court properly determined that Appellant's sentence was necessary for his rehabilitation and the protection of the public based upon the nature and circumstances of the offenses, the impact on the victims, Appellant's prior convictions, and his several prison misconducts. *Id*. at 45-46; 42 Pa.C.S. § 9721(b). Moreover, the court imposed a mitigated-range sentence in accordance with the plea agreement that did not exceed the statutory maximum for either offense and had the benefit of a PSI report, which rendered Appellant's sentence presumptively reasonable. *See Moury*, 992 A.2d at 171. Thus, we discern no abuse of discretion, and agree with counsel that this claim is wholly frivolous.

Nevertheless, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed a potentially nonfrivolous issue. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Pursuant to 18 Pa.C.S. § 906, "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or

to culminate in the commission of the same crime." Since counsel has made it clear that Appellant's attempted murder and conspiracy to commit homicide convictions are based upon his endeavor to kill Mr. Lebron, his plea to both crimes appears to be in violation of § 906. Therefore, we deny Attorney Velander's petition to withdraw. Within thirty days of this decision, counsel shall file an advocate's brief addressing this issue or a revised petition to withdraw and brief in accordance with **Anders**. The Commonwealth, and Appellant in the event counsel submits a revised **Anders** brief, shall have thirty days thereafter to respond.

Petition to withdraw denied. Jurisdiction retained.